T.C. Memo. 2008-260

UNITED STATES TAX COURT

JOHN LIVINGSTON, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24192-06L.                  Filed November 19, 2008.

John Livingston, Jr., pro se.

Jeffrey S. Luechtefeld, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

SWIFT, Judge:  In this section 6320 lien case, petitioner seeks reversal of respondent's determination that petitioner is liable as a "responsible officer" under section 6672 for trust fund employment taxes (trust fund taxes) relating to periods ending December 31, 2001 through 2003 (the relevant periods).

The threshold issue for decision is whether--in this collection case under sections 6320 and 6330--we have jurisdiction to review a supplemental determination of respondent involving trust fund taxes where we did not have subject matter jurisdiction over trust fund taxes when respondent made an original determination with respect to petitioner and the same trust fund taxes involved herein.

Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioner resided in Florida.

During the relevant periods petitioner was employed at Jet Welding & Erection, Inc. (Jet Welding), a Florida corporation. For the relevant periods Jet Welding did not pay approximately $306,000 in trust fund taxes withheld from employee wages.

In a June 28, 2004, letter to petitioner respondent proposed to treat petitioner under section 6672 as a responsible officer for Jet Welding and to assess against petitioner Jet Welding's unpaid trust fund taxes for the relevant periods.  Petitioner never received respondent's June 28, 2004, letter, and petitioner did not appeal respondent's proposed assessment.

On February 14, 2005, respondent assessed against petitioner the $306,000 unpaid trust fund taxes of Jet Welding and mailed to petitioner an initial notice and demand for payment.

In early March 2005 respondent filed a notice of Federal tax lien (NFTL) relating to the above trust fund taxes assessed against petitioner, and respondent mailed petitioner a copy of the NFTL and an explanation of petitioner's right to a collection Appeals Office hearing under section 6320.

On April 7, 2005, petitioner timely filed with respondent a Form 12153, Request for a Collection Due Process Hearing, relating to the NFTL.

On June 27, 2005, respondent and petitioner participated in a telephone collection hearing relating to the filed NFTL. During the hearing respondent's Appeals officer determined that because petitioner failed to appeal the June 28, 2004, letter proposing that the trust fund taxes be assessed against petitioner, petitioner was precluded from raising any issue concerning his liability therefor during the Appeals Office collection hearing.

On July 7, 2005, respondent made a determination under section 6320 and mailed to petitioner a notice thereof (original determination) sustaining the filed NFTL. Petitioner disputed this original determination by filing a collection action under section 6320 in the U.S. District Court for the Middle District

of Florida. At that time petitioner's challenge to respondent's collection determination could be filed only in a Federal District Court because we lacked subject matter jurisdiction over trust fund taxes. See sec. 6330(d).

On March 21, 2006, respondent filed a motion in the District Court to remand petitioner's case to respondent's Appeals Office on the ground that because petitioner had never received respondent's June 28, 2004, letter, petitioner had not had an opportunity to appeal administratively respondent's assessment against petitioner of Jet Welding's delinquent trust fund taxes and should be given that opportunity with respondent's Appeals Office.

On September 8, 2006, on remand from the District Court, respondent's Appeals Office held a second hearing with petitioner. On October 26, 2006, respondent sustained his assessment against petitioner of Jet Welding's outstanding trust fund taxes, and respondent issued a supplemental determination against petitioner to that effect. Respondent's supplemental determination was labeled a "Notice of Determination" and advised petitioner that "If you want to dispute this determination in court, you must file a petition with the United States Tax Court for a redetermination within 30 days from the date of this letter."

On November 24, 2006, petitioner filed the petition herein.

- 5 -

OPINION

This case presents the situation wherein the effective date of an amendment to section 6330(d) which gave us subject matter jurisdiction over trust fund taxes falls after respondent's original determination herein but before respondent's supplemental determination.

The Tax Court is a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  See sec. 7442; Naftel v.Commissioner, 85 T.C. 527, 529 (1985).  Before its amendment in 2006, section 6330(d) provided that a taxpayer could appeal to this Court an adverse collection determination by respondent's Appeals Office only in cases where we had jurisdiction over the underlying tax liability.  Thus, lacking underlying subject matter jurisdiction over trust fund taxes, before the amendment to section 6330(d) became effective, we did not have jurisdiction in collection cases under sections 6320 and 6330 to review respondent's determinations to assess and collect responsible officer trust fund taxes under section 6672. Ginsberg v. Commissioner, 130 T.C. 88, 91 (2008); Moore v. Commissioner, 114 T.C. 171, 175 (2000); Rustam v. Commissioner, T.C. Memo. 2005-42.

Section 6330 was amended and this Court was given jurisdiction to review respondent's collection determinations without regard to the type of underlying tax liability that was involved, but this amendment was made effective only for

determinations made by respondent after October 16, 2006.  See
Pension Protection Act of 2006, Pub. L. 109-280, sec. 855, 120
Stat. 1019; Callahan v. Commissioner, 130 T.C. 44, 48 (2008).

Because respondent's original determination was made on
July 7, 2005, before the effective date of the above amendment
giving us jurisdiction over collection determinations relating to
trust fund taxes, respondent's original determination provides no
basis for us to exercise jurisdiction.

Because respondent's October 26, 2006, supplemental
determination was made after the October 16, 2006, effective date
of the above amendment, a question arises as to whether
respondent's supplemental determination provides a basis for us
to exercise jurisdiction over the trust fund taxes in issue. In
Ginsberg, however, we explicitly addressed this question and
answered it in the negative.  Ginsberg v. Commissioner, supra at
92-93 (a "supplemental determination notice is merely a
supplement to the original determination notice and relates back
to the original determination notice.  It is not a new
determination and does not provide the taxpayer any additional
appeal rights."  (Fn. refs. omitted.)).

As noted, respondent's October 26, 2006, supplemental
determination erroneously informed petitioner that he could file
a petition in this Court, and it was erroneously labeled a
"Notice of Determination".  However, despite the erroneous label,
we have held that "The right to question the jurisdiction of this

Court cannot be waived by the actions or inactions of a party."
Rustam v. Commissioner, supra; see also David Dung Le, M.D., Inc.
v. Commissioner, 114 T.C. 268, 269 (2000), affd. 22 Fed. Appx.
837 (9th Cir. 2001).

Respondent's October 26, 2006, supplemental determination
relates back to the date of the July 7, 2005, original
determination.  This Court does not have jurisdiction over this
matter because the original determination was issued on July 7,
2005, before this Court was given subject matter jurisdiction
over respondent's determinations under sections 6320 and 6330
relating to section 6672 trust fund taxes.

An appropriate order of

dismissal for lack of jurisdiction

will be entered.